## Gray v. Pearson et al.

*Jerome I. Myers* and *Morey M. Myers*, for plaintiff.
*R. Carl Griffith*, for interpleaded plaintiff.
*William J. Oliver*, for defendants.

HOBAN, P. J., June 24, 1953.—Gray obtained judgment against Pearson to September term, 1951, no. 705. Subsequently Charles Pearson became a legatee under the will of Inglis, deceased. On February 7, 1953, Gray issued attachment execution against the executors of Inglis and filed interrogatories. On February 18th the executors answered the interrogatories stating that they held funds subject to a legacy of $500 to Pearson; that the estate is in administration and subject to ultimate distribution by the Orphans' Court of Lackawanna County, but that on February 4th they were served with a written instrument labeled "Assignment," purporting to be an assignment by Charles Pearson to Anna Pearson of his interest in the legacy or any other moneys due from the estate of Inglis, the assignment being for the consideration of $1. Thereafter plaintiff filed a petition for a rule to show cause why judgment should not be entered against gar-

nishees for want of a sufficient answer. The basis of plaintiff's petition was that Anna Pearson, the purported assignee, is the wife of Charles Pearson and that the assignment for a nominal consideration was void as to creditors of Charles Pearson. The rule to show cause was made returnable March 27th. On March 12th garnishees filed an answer to the rule demanding proof of the facts as to the marital status of Anna Pearson and the lack of consideration alleged.

Pending the return day of the rule garnishees filed a petition to interplead Anna Pearson as a party plaintiff. On that petition the court granted an order directing that Anna Pearson be added to the record as a party plaintiff, restricting original plaintiff and added plaintiff to this action so far as the money in controversy is concerned, directing the withholding of the fund subject to the order of the Orphans' Court of Lackawanna County, and ordering Anna Pearson to file an answer to plaintiff's petition for a rule for judgment against garnishees.

On April 14th Anna Pearson filed an answer to the original plaintiff's rule for judgment, in which she admitted that she is the wife of Charles Pearson, but denied a lack of consideration. Her denial of lack of consideration consisted of an averment that Gray owed her large sums of money, because at Gray's request she gave up her home to render service to Gray by way of service and housekeeping, and that Gray has continually failed to pay her for the services rendered. No details as to time, place of execution, terms or actual services rendered under this contract were pleaded.

Plaintiff Gray thereupon filed another petition for a rule to show cause why judgment should not be entered against garnishees for want of a sufficient answer, and against Anna Pearson for want of a sufficient answer by her to original plaintiff.

It may be conceded that if the pleadings as they now stand are the only ones to be considered, the answer of Anna Pearson is insufficient to prevent judgment in favor of Gray. However, on examining the Pennsylvania Rules of Civil Procedure respecting interpleader by defendants, we are meeting with a procedural difficulty. Pa. R. C. P. 2309 directs that each claimant interpleaded shall file a statement of his claim against defendant in the same manner and form and verified in the same way as required in plaintiff's initial pleading in an action of assumpsit, and that such a claimant may also include in the statement under the heading of additional matter any allegations relevant to the claim of any other claimant or party.

What we have in this case is a situation in which interpleaded claimant simply filed an answer to original plaintiff's rule for judgment, but has not in the form required by the interpleader rules filed a claim against the fund which may require an answer by any other party to the controversy. Under the circumstances we believe that the rule for judgment is premature and that interpleaded plaintiff should be required to file a statement of her claim as required by Pa. R. C. P. 2309 before the case is ripe for judgment.

Now, June 24, 1953, the rule to show cause why judgment should not be entered against garnishees and against interpleaded plaintiff, Anna Pearson, is discharged. The interpleaded plaintiff, Anna Pearson, is directed to file within 10 days hereof a statement of her claim against defendants (garnishees) and against the fund in the hands of garnishees, in accordance with Pa. R. C. P. 2309.

## ON PRELIMINARY OBJECTION TO INTERPLEADED PLAINTIFF'S COMPLAINT

HOBAN, P. J., October 28, 1953.—In an opinion filed June 24, 1953, on a rule for judgment against garnishees and against interpleaded plaintiff, we con-

sidered that the rule was premature, and directed interpleaded plaintiff to file her complaint in conformity with Pa. R. C. P. 2309. Anna Pearson has now filed her complaint. In it she sets up an unliquidated claim against Gray in the nature of damages for breach of contract for personal services, but nowhere does she aver a personal claim against the fund under attachment or aver a valid consideration for the purported assignment to her of Charles Pearson's interest in the legacy held by garnishees. Charles Pearson's purported assignment for a nominal consideration to his wife, Anna, is fraudulent as against the interest of Gray, the attaching creditor under the principles of the Uniform Fraudulent Conveyance Act of May 21, 1921, P. L. 1045, 39 PS §351 et seq.

The preliminary objection by Gray to Anna Pearson's complaint, in the nature of demurrer, must be sustained since her complaint establishes no claim against the fund under attachment. Accordingly, judgment must be entered against her.

With Anna Pearson's claim so eliminated, the original rule for judgment against garnishees is now ripe. Since the garnishees interposed no defense to Gray's claim other than the claim of Anna Pearson, hereby eliminated, Gray is entitled to judgment on his attachment. Therefore, we make the following

*Order*

Now, October 28, 1953, the preliminary objection by way of demurrer against the complaint of Anna Pearson, interpleaded defendant, is sustained and judgment is entered against Anna Pearson and in favor of garnishees as to the claim of Anna Pearson in this proceeding only, without prejudice to the right of Anna Pearson to pursue her claim against plaintiff Clifford C. Gray in any other appropriate action, and

Now, October 28, 1953, judgment is entered in favor of plaintiff, Clifford C. Gray, and against garnishees,

executors of the estate of William W. Inglis, deceased, in the sum of $350.79, with interest from August 8, 1951; execution of this judgment to be limited to the funds in the hands of garnishees as a legacy to Charles Pearson, and subject to administration by the Orphans' Court of Lackawanna County.